IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DERRICK ADRIAN JOHNSON,** ) | |
| **#36454-177,** ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:18-CV-1376-B-BH |
| ) | |
| **UNITED STATES DEPARTMENT** ) | |
| **OF JUSTICE, et al.,** ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

### I. BACKGROUND

On May 30, 2018, Derrick Adrian Johnson (Plaintiff), a federal prisoner in Seagoville FCI, filed this lawsuit against the United States Department of Justice, the United States Attorney for the Northern District of Texas, the State Bar of Texas, and the Office of the Federal Public Defender. under the Administrative Procedure Act (APA), 5 U.S.C. § 702.

On April 18, 2008, Plaintiff was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to 115 months' imprisonment in *United States v. Johnson*, No. 3:07-CR-257-N (N.D. Tex.). (*See* No. 3:07-CR-257-N, doc. 55.) His motion to vacate his sentence under 28 U.S.C. § 2255 was denied. *See Johnson v. United States*, No. 3:09-CV-597-B (N.D. Tex. Oct. 6, 2010). He subsequently filed successive § 2255 motions in case Nos. 3:13-CV-247-B and 3:15-CV-640-B, and motions for a subpoena and under Fed. R. Civ. P. 60 in his criminal case that were both construed as successive § 2255 motions and opened as case Nos. 3:14-CV-2567-B and No. 3:18-CV-1963-N.

Plaintiff now claims that witnesses provided false and misleading testimony during in his criminal trial and that evidence was missing. (*See* doc. 22.) He argues that the Department of Justice and the U.S. Attorney failed to prosecute law enforcement witnesses, prosecutors and judges for perjury or misconduct; the State Bar failed to take action against the prosecutors, judges, or defense attorneys regarding the misconduct in the criminal trial; and defense counsel rendered ineffective assistance of counsel and failed to report the perjury during his criminal trial. (*Id.* at 2-4, 12, 14.) He seeks an investigation into the facts and persons involved in his criminal trial. He also seeks to compel the Department of Justice to prosecute criminal violators; the Department of Justice and U.S. Attorney to comply with federal law and cease the insulation of judges, prosecutors, and others who violate the law; and the Federal Public Defender to comply with the Texas disciplinary rules; and also to obtain review of the State Bar's disciplinary policies. (*See id*. at 17.) No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v.*

2

*Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. *HECK* BAR

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by habeas corpus. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, Plaintiff's claims are premised on allegedly false testimony and missing evidence from his criminal trial. Because his claims imply that his conviction is invalid, they are barred under *Heck*. He has not demonstrated that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing this action, so his claims are not cognizable at this time. *See Richardson v. Avery*, No. 3:16-CV-2631-M, 2018 WL 5269860 at *3 (N.D. Tex. Oct. 1, 2018), *rec. adopted* 2018 WL 5267577 (N.D. Tex. Oct. 23, 2018) (holding that claims under the APA were

*Heck*-barred); *Bhatia v. United States*, No. 5:16-CV-11-KS-MTP, 2016 WL 6127799, at *3 (S.D. Miss. Sept. 19, 2016) (same). The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton*, 74 F.3d at 102.

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(B) until he satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SIGNED this 27th day of December, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE